PER CURIAM.
1jWrit granted in part; otherwise denied. The district court’s judgment denying relator’s claim that two jurors improperly consulted and read aloud from the Bible while deliberating his penalty is reversed. This case is remanded to the district court for purposes of conducting an evidentiary hearing at which relator will have the burden of proving that improper consultation occurred and that it had a “ ‘substantial and injurious effect or influence in determining the jury’s verdict.’” Oliver v. Quarterman, 541 F.3d 329, 341 (5th Cir.2008) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)); see also Fields v. Brown, 503 F.3d 755, 781 (9th Cir.2007) (en banc) (finding that alleged reading of Bible verses had no substantial or injurious effect or influence on the verdict).
At this hearing, the testimony of jurors will be admissible to show the nature and the circumstances of any reading of the Bible which took place during deliberations. However, under La.Code Evid. art. 606(B), no juror may testify to the actual impact consultation of the Bible had on his mind or verdict. Nor may he speculate as to the impact it had on the mind of another juror.
Consideration of relator’s claims that counsel was ineffective for failing to adequately investigate possible brain damage and failing to have his experts |2explain the side-effects of the anti-psychotic medication he was taking during trial is pre-termitted without prejudice pending resolution of the evidentiary hearing at the district court. See La.Code Crim. P. art. 930.6(A). The application is denied in all other respects.
VICTORY, J., would deny.