CRICHTON, J.,
additionally concurs and assigns reasons.
hi concur in the reasons set forth in the per curiam and emphasize that, after more than a decade of state collateral review proceedings, Tyler has demonstrated no entitlement to relief on any of his claims, including his complaints of alleged juror misconduct, cruel and unusual punishment, deficient performance of experts and ineffective assistance of counsel.
On issue of counsel, I note that Tyler, at no cost to him and with apparently minimal assistance from him,[1] received excellent assistance of multiple lawyers who, as *684 established by the record, worked tireless-; ly and zealously on his behalf. However, these lawyers are not magicians that can cause overwhelming evidence of his guilt to vanish or evidence mitigating his culpability to appear. The guarantee of effective counsel , is not a guarantee of perfection.
The tragic fact is that Tyler viciously executed an innocent victim and attempted to kill two others by shooting each in the head in the back of a Shreveport restaurant during the course of an armed robbery. He has been accorded full due process of law, including multiple layers of extensive trial and appellate court scrutiny on every conceivable — and inconceivable— legal issue.[2]
laMuch like an inmate’s singular opportunity to seek relief in federal habeas proceedings, see 28 U.S.C. § 2244, after the delays for rehearing have run pursuant to La. Supreme Court Rule IX, this writ denial marks the end of Tyler’s state court proceedings,[3] finally bringing- some measure of closure to the families of the multiple victims that have been irreparably affected by his heinous crimes. See State v. Lee, 2014-2374 (La.9/18/15), 181 So.3d 631, 2015 WL 5511874 (Crichton, J., additionally concurring).

. For example, Tyler objected to being present during evidentiary hearings on his post-conviction claims. State v. Tyler, 14-1473 (La.7/15/14), 145 So.3d 1034.

. See State v. Tyler, 97-0338 (La.9/9/98), 723 So.2d 939, cert. denied, Tyler v. Louisiana, 526 U.S. 1073, 119 S.Ct. 1472, 143 L.Ed.2d 556 (1999); State v. Tyler, 06-2339 (La.6/22/07), 959 So.2d 487; State v. Tyler, 13-0913 (La.11/22/13), 129 So.3d 1230; State v. Tyler, 15-0093 (La.5/22/15), 171 So.3d 922.

. With the' end of state collateral review here, the statute of limitations governing the federal writ of habeas corpus will cease to be tolled and, if rehearing is not sought or granted in accordance with La. S.Ct. Rule IX, the time to apply to the federal courts for habeas- review resumes. See 28 U.S.C. § 2244(d)(2). Whether the one-year period of limitations of 28 U.S.C. § 2244(d)(1) or the six-month period of 28 U.S.C. § 2263(a) will be applied by the federal courts presents what may be a res nova issue. See 28 U.S.C. § 2261; cf. Mata v. Johnson, 99 F.3d 1261, 1266 (5th Cir.1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir.1997). Regardless, Tyler should be aware that unless he can ghow one of the narrow circumstances provided in La.C.Cr.P. art. 930.4. applies, he has no further right to state review.